3090743 Rachel Peterson, et al. Appellant by James Carter v. Residential Alternatives of Illinois, Inc. Appellee by Kevin Miller Mr. Carter, you may proceed. Thank you, Your Honor. May it please the Court. Counsel. I apologize if I squint. I haven't yet broken down and bought bifocals, so I thought it was more important I'd be able to see my notes this morning. Nursing homes are a fact of life with us in society. They exist to provide shelter and care to those among us who are debilitated by age or some other infirmity. Usually for-profit entities, the levels of care provided in nursing homes are or can be directly correlated with the resident's ability to pay for services, which are required 24 hours a day, 7 days a week. Without adequate regulatory oversight, the danger of harm from neglect or abuse is manifestly foreseeable. Formal government regulation is alone insufficient. The Illinois Nursing Home Care Act recognizes that such government inability to provide such overarching protection and therefore empowers residents of nursing homes to become private attorney generals to pursue remedy from abuse or neglect that results in harm. Excuse me. Litigation is expensive for a myriad of reasons. To encourage residents to obtain competent counsel, the act imposes fee shift. So the importance of the policy that's underscored by the Nursing Home Care Act really supports the reasons that this court should strongly adhere to longstanding principles and closely examine in the first instance whether a valid contract even existed that allows for the waiver of the important rights granted in the Nursing Home Care Act, the most important of which I believe is the guarantee to a constitutional right of trial by jury. Don't you have a problem with the Carter decision? Justice Carter, the Carter decision merely says that the Federal Arbitration Act is preemptive because the particular language utilized to retain the right to have a jury trial in Nursing Home Care Act litigation. It is not, does not govern all contracts and therefore is not a defense recognized a common law to all contracts. I think that case merely said it was a defense to nursing home contracts. And since it wasn't a defense to all contracts, it was not going to overcome or be considered a defense to the argument of preemption in that case. What I'm saying, though, is in this case still the first step that has to be undertaken is an examination of the contractual documents. The law is clear that the right to a person does not automatically give up rights and arbitration isn't automatically granted to someone. There has to be a contractual relationship which imposes that obligation. In this case, there are two documents that are the seminal documents that issue. The first is a seven page document, form document prepared by the defendant. And it recites in great detail the arrangement between Mr. The late Mr. Horace, who is going into the nursing home in the nursing home. And in not one of those paragraphs in that seven page document, does it mention arbitration? Not one. The second, nor does it refer to any document or agreement to arbitrate. The second. For nursing home care. Pardon me. That's a contract for nursing home care. Yes. The seven page document is the one that compels arbitration. Pardon me. The other one is the one, the arbitration. The two page document is the quote arbitration agreement. If the court looks at that, and those are found both at C-150, the record, and in this arbitration agreement is C-157. It says arbitration agreement without limiting any rights set forth in other provisions of this agreement. Any and all disputes arising here under. And then it goes on to say. Notwithstanding the party's intent to submit any controversy or claim arising out of or relating to this agreement. Or any other document signed or initialed in connection with this agreement to arbitration. Well. A separate document. First off, is there consideration for this document? No. The appellant. The appellee. Excuse me. Suggested that. Mutuality of promise to arbitrate is sufficient. They cite the ASCII decision for that. I think if the court looks at the ASCII decision, A-S-T-E, that was a one document. The arbitration agreement was incorporated within the contract itself. It was one document. In a more recent case. And I'll mispronounce this. Vassilov-Kosky. 358 L.F. 3rd at 27 now. And I've cited that in our brief, our reply brief. It was a First District 2005 decision. On traditional contract law, many times those. Even though they're two separate documents. But they were simultaneous. Situations. And so they treated it as one contract. The Vassilov-Kosky. Again, I apologize for my pronouncement, Your Honor. But it says a document separate and apart. That provides for arbitration. Requires its own consideration. Requires its own consideration. There is no consideration recited in this document. There's no bargain for exchange. Nothing to indicate that there was something given. Not a peppercorn. As we learned in law school. Nothing. And just because I have submitted. Or suggested. Just because it may have been executed. At the same time. Or close to the same time. I think the decision. Vassilov-Kosky. And I pronounce from my pronunciation. Clearly shows. That it requires consideration. And also I urge the court to look. I think all the other cases cited. Just specifically the Askey case. Where the agreement to arbitrate is. Said to control. And you don't need additional consideration. Often times. It's all embodied in one document. Is the arbitration agreement incorporated by reference in the contract? Your Honor. It is not. There is no. Nothing. That refers in the. Seven page contract. To any. Anything. There are. Bold type written headings. The only thing that comes close to discussing. The eventuality of some harm occurring. Is paragraph W. That says indemnification. The resident will defend. Indemnify. And hold the facility harmless. For many and all claims. Demands. Suit. Inactions. Made against the facility. By any person. Resulting from any damage. Or injury. Caused by the resident. To any person. Or to the property. Of any person. Or entity. Including the facility. Come. Except in the case of negligence. Of the facilities. Employees. And agents. Period. And similarly. Does the arbitration. Agreement. Discuss. Or reference. The contract. It does not. Your Honor. In fact. The arbitration. Agreement. Merely says. You agree to arbitrate. If we have a dispute. Under this agreement. Well. I don't know. What that means. There's no terms. And I think the law is clear. That. You have to have. You have to define. What. What is being. Arbitrated. What is being given up. And. And there's no definition. In this case. That allows the court. To. To come to any conclusion. That there was a valid contract. None. So you're saying. The subject matter. Of the arbitration. Document. Agreement. If you will. Is. Restricted. To only those. Things. In the. Contract. I believe. Your Honor. That's correct. The contract. Defines. What. Is arbitratable. And what is not. Because otherwise. What you're doing. Is you're giving up. Your right. To proceed. In court. And you're agreeing. To. Do something different. So the contract. Is what defines. The terms of arbitration. I would like. To point out. If I may. That. A second issue. If the court. Then finds. That there's. A valid arbitration. Provision. Then I suggest. To the court. That there's been a. Waiver. By the. Appellee. The defendant. In this case. In the process. That occurred. Raising the issue. With the trial court. There's. There's two issues. That were raised. One. Is the issue. Of preemption. And the other. Is the issue. Of arbitration. The defendant said. That FAA. Preempts. The claim. Here. Because. There is a valid arbitration. Agreement. Both. Are clearly. Affirmative. Defenses. Third district. Itself. Has declared. Clearly. That. If you're going. To raise federal. Preemption. That needs. To be done. By way. Of an affirmative. Defense. Let me recite. Briefly. The facts. If I may. January seven. Oh, this is all. The complaint was filed. January 22. The defendant filed. A general. Currence and jury. Demand. A month later. February 20. Defendant filed incence. With jury. No affirmative. Defenses. May. 19. Place files. The first amendment. Complaint. May 19. Defendant files an answer. With jury. To the first amendment. It compliance again. No affirmative. Defenses were. On six one. Defendant filed. A motion to dismiss. And compel arbitration. For the first time. Raising the issue. Of federal preemption. And arbitration. By attaching these documents. On September three. The trial court. Ordered dismissal. And that's why we're here today. The other. I want you to make this. Then on October two.    To the attorney general. And the solicitor general. In accordance with. Supreme court. Rule. Ninety-five. On September three. The trial court. Ordered dismissal. On September three. Which we then made later. By motion. This court granted. That leave. For that to be added to the record. So that is in your record. The point of the latter being. All of these. Time sequence. Things show. That there. Was. I believe a waiver. Of the affirmative defense. Of preemption. Was not timely raised. They engage in litigation. The case law. I think is quite clear. That a person may. Clearly. Waive. Certain. Rights. It's a voluntary relinquishment. Of a known right. The rules of the American. Arbitration Association. Suggest that. Participating. Does not. Participating in the judicial process. Does not waive any. Arbitration rights. Correct? Yes. But I think. Your honor. That the. Most. The cases. That we cited. In our reply. Brief. Here. But your position. Is that the court. Of. General. Jurisdiction. Is to determine. A waiver. Not an arbitration. Association. Well. That. But I believe. Also. That. The case. The defense side. It suggested. That just because. It was a case. From. Early 80s. I believe. Suggest. Suggest. That. As you. Indicated. Your question. Indicates. Well. Just. If they were. Incorporated. By reference. Doesn't that. Govern. And I think. There are three cases. Two or three cases. That have come down. Since. The most recent. Second district. From this year. Illinois. Concrete. Versus. Storefitters. That's cited. At page. Nine. Of our reply. Brief. And. Along with. Two other cases. Household. Finance. Versus. Boomer. 2004. Decision. And. The hood. Versus. Central. Illinois. Construction. 2002. Decision. Thank you. Ma'am. It says. The mere. Inclusion. Of that. Language. Is not. Definitive. Or. Determinative. The court. Instead. Relies. On the contractual. Provisions. Incorporating. The rules. Again. Looking at the contract. To see what the contract. Provides. And. That makes. The full analysis. Of the parties. Conduct. Because the courts. Have said. That your conduct. Displays. Waiver. And if you. It's just like. I submit. To the court. It's just like. In persona. Jurisdiction. Until. I think. Ten years ago. Now. Or. I think. Before that. I'm dating myself. I know. That there used to be. Absolutely. A bar. You could not. Do anything. Other than. Enter a special appearance. And if you file. Any other pleading. You wait. Now. I think you can file. Special appearances. Joint. With another motion. But that issue. Still has to be brought out. First. Waiver is recognized. In the law. You can't. Voluntarily. Engage in litigation. Engage in discovery. In this case. So. Was discovery. Engaged in. In this case. Prior. Prior to raising. The arbitration. Yes. There was. I believe. The record will reflect. That. Let me get. A moment. On February. 20. 2009. Defendant. Sir. Defendants. Interrogatories. To plaintiff. And defendants. Request. For production. To plaintiff. That's it. C. 44. Is the notice of that. So. And there was discovery. Exchange. For several months. In fact. The record. When the court. Looks at the record. It's clear. There was a discovery. Spew. Going on. We had been in court. For a motion. To compel. To require production. Of documents. And then. We went back to court.  A respondent. Discovery. Was represented. By the defense. Defendants. Counsel. Walked out. Of a deposition. And had to be. Ordered to come back. To complete it. So. There was. Some fairly extensive. Discovery. So. My point is. There was. This voluntary. Acquiescence. A general. Appearance. Was filed. Jury. Demands were. Jury. Was filed. We believe. Thank you. Thank you. Mr. Carter. Mr. Miller. You may. Respond. Uh. Good morning. And may. Please.   I represent. Residential alternatives. In this manner. And of course. I'm here to make the. Lay out of this case. And of course. The case. Revolves around issues. Related to the arbitration agreement. Found in a nursing home. Care contract. This is one. Of three cases. Currently pending. Before the appellate court. Third district. On this. And or related. Or involved. Issues that is. Arbitration agreements. In nursing home. Care contracts. You may recall. That we. Uh. Argued in January. The am core. Versus colonial. Acres case. And currently. In the briefing schedule. Uh. We have. Uh. Curto. Versus a line. I manners. I say that. Just to reach. This conclusion. Your decision. In this case. Obviously. Is important. To the litigants here. But as one. Of at least. Three cases. On similar. And involved issues. This is obviously. An emerging. Body of law. That will be vital. To the nursing home. Care industry. Throughout. Other cases. Involve the same. Contract form. The curto. Versus a line. I manners. Involves the identical. Contract. If memory serves me. Correct. Yes. Colonial. Acres. Does not. You're correct. It does not. Issues are related. Uh. And obviously. In one case. Almost an identical. Contract. Is related. As well. Uh. Is there a contract. To arbitrate. Uh. Justice. Carter correctly. Pointed out. That mutual. Covenants. And agreement. Are sufficient. Consideration. Uh. To bind the parties. To an agreement. Here we have a mutual. Covenant. To arbitrate. If the nursing home. Were displeased. With the resident. Maybe the payment schedule. Was behind. Maybe there was. Property damage. Caused. Could we. Come into court. And uh. Sue the uh. The resident. Or the families. The residents. Family in court. Or would we likewise. Be bound by this arbitration. Agreement. Clearly we were bound. By it as well. This is what we mean. By the mutuality. Of the uh. Of the agreement. Which is sufficient. Consideration. For the contract. Most importantly. Though I think. Uh. Like my. Mr. Carter. Who wants to focus on. Only the first paragraph. Of this arbitration. Agreement. I'm not. Quite as willing. To overlook. The second paragraph. When it talks about. Uh. Referencing. The contract. I believe Justice. Wright. Asked that question. Of counsel before. And he said. That the arbitration. Agreement. Does not refer. To the contract. I respectfully. Disagree. If we look at. The second paragraph. It's found on. In the record. At C. 157. It reads as follows. Notwithstanding. The party's intent. To submit any. Controversy. Or claim. Arising out of. Or relating to. This agreement. Or any. Other document. Signed or initialed. In connection. With this agreement. And then it goes on. To uh. To refer. To other terms. Clearly. There is. Reference. In the arbitration. Agreement. In the two page arbitration. Agreement. To other documents. Which are signed. In connection. In conjunction. With the arbitration. Agreement. They do. I'm sorry. They do not. But the arbitration. Agreement. Does. Reference. The seven page. Nursing home care contract. Not specifically. By name. Correct. But it is. Undisputed. We see in. Uh. Appellate statement of facts. That the two. Agreements. Were signed. Uh. Concurrently. Signed at the same time. And when you look at them. They of course. Have the same date. And it appears to be. The same penmanship. That's really not a. A fact. And dispute here. Next. I'd also like. To focus on the issue. Of waiver. As it's come up. One other time. Before. Uh. A little bit different context. Here. The argument. Before the court. Here. Is that there is a waiver. For failure. To raise. As an affirmative defense. In the initial pleading. The arbitration agreement. Uh. And uh. And the arbitrable issues. Uh. I think it is important. That counsel pointed out. The chronology of events. Except one. Clear event. One event. Was uh. Very important.  Left out of that chronology. Let's look at it again. The lawsuit was filed. In January. Of 2009. At that time. Did my client have. A waiver. A right. To compel arbitration. Sections. 306. And 307. Of the Illinois. Nursing Home Care Act. Took away that right. The decision. In Carter. Versus SSC. Odin. From the appellate court. Fifth district. Was the only. Judicial decision. On the issue. Of whether that contract. Right. Could be enforced or not. And it clearly stated. It could not be. We did not have. An enforceable right. Until May. 9. 2009. When the second district. Case of. Fossler. Versus Midwest Care. Was published. And within 22 days. Of the publication. Of that decision. We had raised this issue. I don't think. We were waiving anything. I think. If you have not. Done the same thing. As what was done. In the second district. So. We didn't. No. Could you. Could we have. When we initially filed. Our entry of appearance. Right. Yes we could. Okay. Yes we could have. But if your honors. Wish to hold. To. Or any litigant. To the state of the law. That. How am I trying to put this. I'm doing it clumsily. And I apologize. What I mean. Is this. I recall. That the Illinois Supreme Court. Recently decided. A decision. LeBron.    Reform. Unconstitutional. I suspect. There were. Hundreds. Of people. Who were. Who were. Who were. Who were. Who were. Unconstitutional.  There were hundreds. At. It's a fair number. I'm sure. Medical. Malpractice. Pending at. That time. And. Probably only. Got me. Or maybe. A very few actually. Raised the constant. The unconstitutionality. Of that legislative. Enactment. If we say. That. The other. Several hundred cases. Are not. Entitled to. Begotten. Decision. And. It's a. It's a fact. Because. Of a waiver. Because. They also. Did not. Take that constant. That challenge. Or that step. To challenge. The constitutionality. Of the. Of the. Of the enactment. And we really have. An unfair application. Here don't we. Somebody has to raise. The issue. Not all of us do. But once the issue. Is raised. We all. Enjoy the benefits. Of. Your pronouncements. And the pronouncements. Of the Illinois Supreme Court. To hold. Otherwise. Would mean. That we've got. Hundreds of cases. Under the medical. Malpractice. Reform. Act. Which is unconstitutional. But we're not. Going to recognize that. Because they didn't also. File affirmative. Defenses. That's not a result. We want. In the appellate courts. Like yourself. Or the. Illinois Supreme Court. Comes down. With the decision. That's when. We recognize it. And that's when. Rights vest. And. That's the case. Whether or not affirmative. Defenses have been filed. In other cases. Or not. Your decisions apply. Clearly. And even. Handedly. Across the board. Not. Not uneven. Handedly. Depending on whether. One filed an affirmative. Defense or not. Justice. Carter. Also pointed out. That the American Arbitration. Association rules. Really deal. With the issue. Anyway. And that is participation. In litigation. Should not be. Considered. As a waiver. Of the right. To arbitrate. Again. I tend to feel. That. Less is more. When it comes to. Appellate arguments. I know. I still got more time. But unless. Your honors. Have questions for me. I'll. Give the podium. Back to. Mr. Carter. I don't believe. There are. I appreciate. Your consideration. Today. Thank you. Thank you. Mr. Miller. Mr. Carter. Thank you. May I proceed? Yes, you may. Thank you. Let me address. First. The point. Raised. By. Counsel. In his. Argument. About. Why? He didn't.   Defense. And I. Believe. I just heard him. Tell this. Court. That the. The. The. The. The. The. The. The.        The. The. The. The The.  The. The. The. We the know who. Unfortunate truth. The. Was person. Carriehan. Wants. A whole. We do know who. My whole point is that the. If they're going to now claim to this court that the reason we didn't do procedurally what we're required to do, which is file an affirmative defense in a timely fashion. Because there hadn't been a pronouncement by an appellate court yet. Their claim is premised upon their conduct prior to an appellate ruling, which seemingly would be contrary to existing law. I find that that's. It doesn't. Come together logically. They obviously intended. To preclude a jury trial. Which was mandated to be not only constitutionally protected, but mandated under the. Nursing care. Act. They made that decision before. The issues in this case even arose. The issue of mutuality. Again, I urge the court to examine the facility. Kofsky decision, which was from May 2005 that dealt with an arbitration agreement that was between a dealership and a buyer. It was a separate document separate and apart from the purchase contract. I respectfully submit. I read the language from the. Contract or the agreement, the alleged agreement to arbitrate. I did read the language from the second paragraph, and it merely says it makes reference to documents that were executed at the same time. What does that mean? There's no other specific interrelationship. More importantly to me, there's no specific reference in the underlying contract to the arbitration agreement. And finally, most importantly, there's absolutely no consideration. There is, as we cited, I believe the Illinois concrete decision in 2010 and several other appellate decisions clearly say that merely because the American Arbitration Association suggests that if a party engages in litigation in the courts, they do not waive their right to arbitrate, does not control. It's also the conduct of the parties. For example, if you want to look at it from the other from the other side of the coin, if a person wishes to claim that that compel arbitration, they're going to say that if if you agree to arbitrate and don't object to arbitration, you've waived your right to do so. So my point is, if you voluntarily engage in litigation with the court, it is as a matter of policy in my mind, no different than the issue of in person jurisdiction. If I'm not subject to the court's in person jurisdiction, any decision does not embroil me in the outcome of that. But if I inject myself by granting the court that jurisdiction, I am subject to the decisions of the court. That's clear policy. And I can't find out that I can't speak to the cases. The council was referring to that weren't as a matter of record here. I can only speak to the reference. The argument was just made, if I understood it, that there's some overarching policy of great import to the nursing home industry. You know, another thing this court has to determine is there's nothing in this record that establishes a matter of law. Nursing home in this case is subject to interstate commerce. And that's also a basic requirement for federal arbitration to be imposed. Again, assuming there's a valid arbitration agreement and a contract in this day and age, what's left out of interstate commerce? You know, Your Honor, I'm not going to sit here and try to argue that that comment is not accurate in terms of our life. We have witnessed in our lifetime burgeoning governmental intrusion into everything we do. And I'm sure that's going to continue. However, I could argue that anything is a matter of interstate commerce. Let's talk about the person that's going up to see his aunt in the hospital at St. Francis in Peoria, Illinois, and turns the corner and slips and falls. Because somebody left a big bucket there that was cleaning the hallways. And they fall and they break their head open and they've got to be taken care of, and then they ultimately die. So if somebody like me comes along and represents that family, and it's a tort claim because it occurred in Peoria County and involves a tort issue arising between a citizen of Illinois and another citizen of Illinois, what factually is the distinction in this case? None. And so I submit that this court should not just automatically assume that everything is going to be engulfed in interstate commerce. If, in fact, that's the case, that's a matter of proof for the courts to determine. I think that would be an incorrect policy. Otherwise, we just turn over. The importance of the civil tort system as an adjunct to regulatory processes was underscored by Honorable Justice Stevens in the Wyeth v. Levine decision by the United States Supreme Court about a year ago now. Which clearly said, just because there was a preamble change to the FDA permissions imposed seven or eight years ago, that wasn't going to be determinative in terms of federal preemption. It's clear that the Food and Drug Administration Act... That was an issue about preemption, not negating interstate commerce. I understand, sir, but the point I'm trying to make is that if you say that it was a... The court, he pointed out clearly, Justice Stevens pointed out, this is a private tort. And the tort system, the civil tort system is recognized as a strong adjunct to federal regulatory or state regulatory processes because the government can't do everything. Counselor, you're time is up. Any other questions? I have a nagging question that may not be relevant. Was Mr. Terhorst a private pay patient? As I understand, the record would reflect neither way at the moment. I don't believe. The only thing I can add to the court's illumination on that is that the contract, the seven-page contract, delineates all kinds of different payment processes, but there's no facts in this record that says he wasn't a private pay. I thank the court. Well, thank you, Counselor, for your fine arguments in this matter this morning. It will be taken under advisement and a written disposition.